**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X Case No.  19-5542

**Kingsley Palmer,**
**Sharon Palmer,**

                              **Plaintiffs s,**

--against—

**The City of New York,**
**Inspector Elliot Colon,**
**Ramos,**
**Reggie aka Frank Singh**
**E 40 Buyers IG, LLC**
**Stephen Samuel Weintraub**           **JURY TRIAL DEMANDED**
**John Doe #1-2**
                             **Defendants.**
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X

## COMPLAINT

Plaintiffs s, Kingsley Palmer and his wife, Sharon Palmer, by their attorneys Dahiya Law Offices, LLC, complaining against the defendants alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seeks relief for the violation of his rights secured by 42 USC §1983, §1988, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from June 27, 2019 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, inter alia, false arrest and false imprisonment and ultimately deprivation of their home in violation of the Due Process.

3. Plaintiffs seeks monetary damages (special, compensatory, and punitive) against defendants, including those resulting from the violation of the bankruptcy

1

automatic stay, as well as an award of cost and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4.     This action is brought pursuant to 28 USC § § 1331, 1334, 42 USC §1983, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

5.     Plaintiffs Kingsley Palmer and his wife Sharon Palmer are always a legal resident of the United States and here relevant resided in Kings County, City and State of New York.

6.     The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

7. Officer Remus (full name unknown) was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, officer Ramos was at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York.  On information and belief, at all times relevant hereto, Officer Remus was plaintiffs s "arresting officer" and was under the command of the 67th Precinct of the NYPD. Defendant. Defendant Ramos is sued in his individual capacity.

8. All other individual defendants ("the officers"), including John Doe #1-2, Individuals including the Precinct-in-Charge Elliot Colon and those whose names are currently unknown to plaintiffs, are employees of the NYPD, and are sued in their individual capacities.

9. Reggie and his company, E 40 Buyers IG, LLC and their lawyers whose identity is unknown as of now are sued individually for their role in having the plaintiffs unlawfully arrested and as well as conspiring to deprive the plaintiffs of their home.

9a. Stephen Samuel Weintraub is the attorney representing E 40 Buyers IG, LLC and related members and who misled the state court and had the police called for false arrest.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color pf the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11.     The Plaintiffs owned real property 891 East 40th Street, Brooklyn, New York 11210 (the "Real Property" or "Home").

12.     CitiMortgage Inc. brought foreclosure proceedings against the plaintiffs in the Kings County Supreme Court, bearing Index No., 508193/2013. There was a judgment of foreclosure. The Plaintiffs did not have any lawyer in the state court foreclosure. However, he consulted a few people and thus came to know lot of fraudulent action by the mortgage companies and robo signing. The plaintiffs 's note was purportedly taken over by MTGLQ Investor LP.

13.     On or about May 20, 2019, the Plaintiffs brought an Order to Show Cause with the Supreme Court. The Hon. Noah Dear, signed the order.  In the order, he said, that all proceedings in the eviction action, Index No. 82907/2018 are stayed.  Attached is a copy the Order. **Exhibit A.** The state judge scheduled the hearing for June 26, 2019. A copy of the Order was sent to the E40 Buyers, LLC by mail. 14.     On June 11, 2019, when the plaintiff Kingsley Palmer was not in his house, the office of City Marshall came to the Real Property, the home of the Plaintiffs. Sharon Palmer wife of Kingsley Palmer opened the door.  The Marshal instructed that his wife leave the house, as he had orders of their eviction.   The plaintiffs 's wife pleaded that she had stay from the Supreme Court. However, he claimed that there are orders of eviction from the civil court of the City of New York.  The plaintiffs 's wife fearing that she will be arrested left the house and the Marshall locked up the door. Ms. Palmer tried to reach her husband but could not. However ultimately when she could reach her husband, she was already out of the

house, with the Marshall having taken the possession. The plaintiffs were forced to sleep in their friends' house.

15. The very next day, the Plaintiff Kingsley Palmer went to the state court to get an additional copy of the stay order, as he could not access his own home. Thereafter, he brought the copy of the state court order to the Marshall's notice. The Marshall realizing that they have committed a mistake were told to move back to their house. The Marshall also called the buyer Frank Singh aka Regie and had him on the speaker phone. And the Marshall in front of the plaintiffs told Regie that his papers were fraud. And further he said that Supreme Court papers were proper, and the eviction was improper.

16. On June 12, 2019 the undersigned called the Marshall office stating that the plaintiffs's ouster from their home was in violation of the state Supreme Court order. And they agreed and further stated that plaintiffs with his family could back to the house.

17. On June 12, 2019, the plaintiffs and his wife moved back into the house after having tried calling Regie the whole day, as he had the keys. The plaintiffs were forced to break the lock to get into their own house.

18. On June 20, 2019, the plaintiffs filed for Chapter 13 bankruptcy protection with this Court. **Ex. B.**

19. On June 26, 2019, the plaintiffs went back to the state Supreme Court, Kings County before the Court of Hon. Judge Dear. In the Court, Kingsley Palmer saw a representative for MTGLQ, a lady lawyer. The East 40th Buyers were there. The lawyer for E 40 Buyer (Stephen Weintraub office) were there along with Frank

Singh's business partner. When their case was called, Kingsley Palmer gave the court the bankruptcy papers that he has filed for Chapter 13 bankruptcy. The court stated since the plaintiffs has sought bankruptcy protection, they will have to adjourn the entire hearing to July 24, 2019 and meanwhile status quo to maintained. In the Courtroom, as soon as the date was given to us, the lawyer for E 40 Buyers IG, LLC, got angry and started saying they are going to gets cops and get us thrown out. He also said he will not use the Marshall office anymore. He also said that the plaintiffs 's bankruptcy papers were fake and that he had filed bankruptcy before too. While walking out of the courtroom, he said "I don't give a rat ass to those papers."

20.     Just a day after the adjournment of June 26 court hearing, on June 27, 2019 around 8 or 9 pm, six police cars arrived at the house of the Plaintiffs. They asked for production of the papers. He showed them the bankruptcy papers and the state court Order to Show Cause. Without paying proper attention, they put the handcuffs on Plaintiff, Kingsley Palmer and took him to jail. He spent 24 hours in the jail. Thereafter he was taken to a judge, and she told Mr. Palmer to stay out of trouble and that everything will be sealed in 6 months. He did not know what happened and he had a nervous breakdown. When he came out he could not go back to his home and contact his wife. His entire belongings were seized and he was ousted from his house unlawfully. Both the plaintiffs suffered emotional damage. Ms. Sharon Palmer is diabetic. She was traumatized and all her medicines were also in their house and she could not have access to the same. The emotional trauma and impact of the arrest left Mr. Palmer and his wife, Sharon Palmer, with

a very devasting impact, which has impacted their work and health, both physical and mental. The plaintiff, Kingsley Palmer is a construction worker and he is unable to work, he is getting nightmares that the police is coming to arrest him again. Because his work suffered, his boss has told him that he would be fired if he is not focused on work. The plaintiffs have suffered and continues to be subject to agony and deprivation of property without the due process of law.

21. Despite the fact and knowledge that plaintiffs acts were fully comporting with the law, the police and the defendant acted in concert and maliciously in arresting the plaintiff Kingsley Palmer and depriving him and his wife of their home.

## DAMAGES

22. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

>a. Violation of their rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person;
>b. Violation of their right to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;
>c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;
>d. Violation of their New York State Constitutional rights under Article 1, Section 6 to due process;
>e. Physical pain and suffering;
>f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and
>g. Loss of liberty and property rights.

## FIRST CAUSE OF ACTION
(42 USC§ 1983)

23.     The preceding paragraphs are here incorporated by reference.

24.     Defendants have deprived plaintiffs of their civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiffs under 42 USC§ 1983.

25.     Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiffs s of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

26.     Defendants falsely arrested plaintiffs and failed to intervene in each other's obviously illegal actions.

27.     Plaintiffs has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

28.     The above paragraphs are here incorporated by reference.

29.     The City is liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiffs 's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false

arrests by its police officers but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs s' constitutional rights in this case.

30. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

31. The City is liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiffs s' constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

## THIRD CAUSE OF ACTION
(CONSPIRACY)

32. The above paragraphs are here incorporated by reference.

33. Defendants agreed to violate the plaintiffs' rights in the manner described above. Further defendants made an agreement to attempt to cover up the Supreme Court order of the restraining order.

34. Defendants took action in furtherance of this agreement by arresting plaintiffs and bringing charges of trespassing against him.

35. Plaintiffs were injured as a result of defendants' conspiracy.

## FOURTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

36. The above paragraphs are here incorporated by reference.

37. Defendants, acting under color of law, violated plaintiffs 's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

38. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs 's rights under those sections.

## FIFTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION)

39. The above paragraphs are here incorporated by reference.

40. Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the loss of liberty and mental abuse sustained by plaintiffs .

41. Defendant City, through the NYPD, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful

person should have anticipated an injury to plaintiffs or those in a position similar to plaintiffs s as a result of this conduct.

42. Upon information and belief, defendant officers were incompetent and unfit for their positions.

43. Upon information and belief, defendant City knew or should have known through exercise of reasonable diligence that the officer defendants were potentially dangerous.

44. Defendant City's negligence in hiring and retaining the officer defendants proximately caused plaintiffs 's injuries.

45. Because of the defendant City's negligent hiring and retention of defendant officers, plaintiffs incurred damages described above.

## SIXTH CAUSE OF ACTION
### (FALSE IMPRISONMENT)

46. The above paragraphs are here incorporated by reference.

47. Defendants intentionally confined Plaintiff, Kingsley Palmer in the jail, as the Defendants knew, or should have known that they had no lawful authority to detain plaintiffs .

48. Defendants conduct constituted false imprisonment of plaintiff.

49. As a result of false imprisonment, Plaintiffs suffered damages.

## SEVENTH CAUSE OF ACTION
### (DEPRIVATION OF PROPERY WITHOUT THE DUE PROCESS)

50. The above paragraphs are here incorporated by reference.

51.     The Fifth Amendment says that no one shall be "deprived of life, liberty or property without due process of law."   The Fifth amendment applies to the states through the Due Process Clause of the Fourteenth Amendment.

52.     The defendants conspired and did deprive the Plaintiffs of their property possession without the due process.

53.     As a result of false imprisonment, Plaintiffs suffered damages.

**EIGHTH CAUSE OF ACTION**
(RESPONDEAT SUPERIOR)

54.      The above paragraphs are here incorporated by reference.

55.      Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

56.     As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiffs were damaged.

**NINTH CAUSE OF ACTION**
(VIOLATION OF THE AUTOMATIC STAY)

**57.**     The above paragraphs are here incorporated by reference.

58.     The Defendants violated automatic stay as provide pursuant to 11 U.S.C. § 362 when they evicted him using the Police force. He had bankruptcy stay and stay applied to all and any action against both Kingsley Palmer and his wife.

59.     As a result of the violation, the plaintiffs suffered emotional and financial damages including loss of property.

**WHEREFORE,** plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs 's causes of action, including the possession of their home.

B. Awarding plaintiffs, punitive damages in an amount to be determined by a jury;

C Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

Dated: October 1, 2019
New York NY

Yours etc.

<u>s/karamvir dahiya</u>
Karamvir Dahiya
Dahiya Law Offices, LLC
75 Maiden Lane Suite 506
New York NY 10038
Tel: 212 766 8000
Fax: 212 766 8001