Case 1:19-cv-05542-RPK-CLP   Document 27   Filed 06/26/20   Page 1 of 4 PageID #: 151



**JAMES E. JOHNSON**
*Corporation Counsel*

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES R. MURRAY**
*Assistant Corporation Counsel*
Phone: (212) 356-2372
Fax: (212) 356-1148
Email: jamurray@law.nyc.gov

June 26, 2020

**VIA ECF**
Honorable Rachel P. Kovner
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Palmer, *et al*. v. City of New York, *et al*., 19 CV 5542 (RPK) (CLP)</u>

Your Honor:

    I am an Assistant Corporation Counsel in the Office of James E. Johnson, attorney for Defendants City of New York, Inspector Elliot Colon, and Police Officer (hereinafter "PO") Ramos ("City Defendants") in the above-referenced matter. In accordance with § IV(A)(1) of Your Honor's Individual Practices, City Defendants respectfully write to request a pre-motion conference regarding their anticipated motion to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

**A) Background**

    Plaintiffs allege that, before the incident at issue in this case, their mortgage company instituted foreclosure proceedings against their property, located at 891 East 40th Street Brooklyn NY, 11210. Plaintiffs further allege that, on May 20, 2019, they obtained from the judge in their foreclosure proceeding a stay of a separate eviction proceeding. According to Plaintiffs, on June 11, 2019, City Marshalls removed them from 891 East 40th Street pursuant to an eviction order. However, they claim the Marshalls allowed them to return after learning Defendant Frank Singh, who is affiliated with Defendant E 40 Buyers IG, LLC, had made false representations to them regarding his ownership of the property.

    On June 26, 2019, Plaintiffs claim they appeared in court to obtain a continuation of the stay of the foreclosure proceeding. Plaintiffs allege that, as they were leaving the courthouse, the attorney representing Defendant E 40 Buyers IG, LLC threatened to have the police remove Plaintiffs from their home. Then, on June 27, 2019, Plaintiffs claim members of the New York

---

[1] City Defendants reserve the right to assert additional points in full briefing on the matter.

City Police Department ("NYPD") arrived at 891 East 40th Street, arrested Plaintiff Kingsley Palmer for trespassing, and ousted Plaintiffs from the residence.

### B) Plaintiffs have failed to state a viable claim against Inspector Colon.

To establish a defendant's liability in a § 1983 suit, the plaintiff must make specific allegations that, if true, would demonstrate that the defendant was personally involved in the alleged constitutional deprivation. Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). Here, Plaintiffs have not asserted any specific facts demonstrating that Inspector Colon was personally involved in the incident, as their sole allegation against him is that he was "Precinct-in-Charge" on June 27, 2019. Accordingly, Inspector Colon should be dismissed from this suit.

### C) Plaintiffs fail to state a claim for false arrest under either 42 U.S.C. § 1983.

Probable cause is an affirmative defense to a false arrest claim brought under 42 U.S.C. § 1983. Silver v. Kuehbeck, 217 F. App'x 18, 22 (2d Cir. 2007). In the Second Circuit, "[i]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." Ortiz v. City of New York, 773 F. App'x 54, 55-56 (2d Cir. 2019). Here, PO Ramos had probable cause to arrest because he received a report from a complaining victim indicating that Plaintiff Kingsley Palmer was not entitled to be on the premises of 891 East 40th Street. This alone would be sufficient cause to arrest, and, as explained below, Plaintiffs did not own the property in question on the date of the arrest.

### D) Plaintiffs failed to state a claim for deprivation of property without due process.

To prevail on a claim for deprivation of property without due process under the Fourteenth Amendment, a plaintiff must show that he had a valid property interest in the property he was allegedly deprived of. Schwasnick v. Fields, No. 08-CV-4759(JS), 2010 U.S. Dist. LEXIS 65958, at *15-16 (E.D.N.Y. June 30, 2010) (citations omitted). When ruling on a motion to dismiss, a court may consider judicially noticed matters of public record and documents that the plaintiff incorporated by reference into the complaint. See Holland v. JPMorgan Chase Bank, N.A., 2019 US Dist. LEXIS 146553, at *6 (S.D.N.Y. Aug. 28, 2019). Here, several publicly filed documents, including a Referee's Deed, a Report of Sale at Public Auction, and a Decision and Order in a holdover proceeding against Plaintiffs demonstrate that Plaintiffs did not own the property located at 891 East 40th Street on the date of the incident. Therefore, they cannot assert a valid property interest and this claim cannot survive.

### E) Plaintiffs failed to state a claim for violation of the automatic stay provision of 11 U.S.C. § 362(k).

To recover damages under the automatic stay provision of 11 U.S.C. § 362, a plaintiff must demonstrate, among other things, that the stay existed and that the defendant willfully violated it. In re Leiba, 529 B.R. 501, 506 (Bankr. E.D.N.Y. 2015). A defendant does not willfully violate an automatic stay unless he knows the stay exists at the time he violates it. Id at 507. Here, there

was no automatic stay in place with respect to the residence located at 891 East 40th Street because, as explained above, Plaintiffs did not own the property at the time they filed for bankruptcy. Accordingly, there was no stay to violate and this claim fails.

### F) Plaintiffs failed to state a claim for conspiracy under either 42 U.S.C. § 1983 or 42 U.S.C. § 1985.

To state a claim for conspiracy under 42 U.S.C. § 1983, a plaintiff must allege that the alleged conspirators formed an agreement to violate his constitutional rights and took an overt act in furtherance of the conspiracy. Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). Additionally, to state a claim under 42 U.S.C. § 1985, a plaintiff must allege that two or more people conspired to 1) prevent an officer from performing his duties, 2) intimidate a party, witness, or juror in a matter before a court, or 3) deprive a person of his constitutional rights or privileges with discriminatory animus. 42 U.S.C. § 1985(1)-(3); see also Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087-88 (2d Cir. 1993). Here, Plaintiffs failed to state a claim for conspiracy under § 1983 because, though they alleged that an unnamed attorney intended to file a complaint with the police, they set forth no facts indicating that PO Ramos or Inspector Elliot Colon formed an agreement with that attorney. Similarly, they did not set forth facts pertaining to any of the three bases of liability under § 1985. Therefore, they have not sufficiently alleged a claim for conspiracy and this claim must be dismissed.

### G) Plaintiffs have failed to state a municipal liability claim.

To prevail on a Monell claim, a plaintiff must prove that an official policy or custom caused him to be denied a constitutional right. Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007). Thus, a court will dismiss a plaintiff's Monell claim if it dismisses his underlying constitutional claims. Claudio v. Sawyer, 675 F. Supp. 2d 403, 408 (S.D.N.Y. 2009). Further, a court will dismiss a Monell claim where the plaintiff asserts only conclusory allegations of municipal liability. Green v. City of Mount Vernon, 96 F. Supp. 3d 263, 302 (S.D.N.Y. 2015). Here, Plaintiffs' municipal liability claim fails because, as explained above, Plaintiffs have failed to assert a viable underlying federal claim and allege no specific facts supporting a Monell claim.

### H) The Court should exercise its discretion to decline pendent jurisdiction over Plaintiffs' state law claims.

"When all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims." Baylis v. Marriott Corp., 843 F2d 658, 665 (2d Cir. 1988). Therefore, in the event that the Court dismisses all Plaintiffs' federal claims, City Defendants ask that it also, in its discretion, decline to exercise pendent jurisdiction over Plaintiffs' remaining state law claims.

### I) Conclusion

For the reasons discussed herein, City Defendants assert they possess a good faith basis on which to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and respectfully request a pre-motion conference regarding their anticipated motion.

- 4 -

      Thank you for your consideration herein.

                                                                                            Respectfully submitted,

                                                                                           <u>James R. Murray   s/</u>  
                                                                                           James R. Murray  
                                                                                           Assistant Corporation Counsel  
                                                                                           New York City Law Department  
                                                                                           100 Church Street, Room 3-183  
                                                                                           New York, New York 10007  
                                                                                           (212) 356-2372

CC: Karamvir Dahiya, Esq. (By ECF)  
    *Attorney for Plaintiffs*

 Rachel Aghassi, Esq. (By ECF)  
    *Attorney for Defendant Stephen Weintraub*