**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

KINGSLEY PALMER,
SHARON PALMER,

                                   Plaintiffs,

            -against-

         **Case No. 19-cv-5542**
         **(RKK) (CLP)**

THE CITY OF NEW YORK,
INSPECTOR ELLIOT COLON,
POLICE OFFICER RAMOS,
ADAM GIACLOANE, SHIELD NO. 13860,
NICHOLAS CARDIERI, SHIELD NO. 11420
REGGIE AKA FRANK SINGH,
E 40 BUYERS IG, LLC,
STEPHEN SAMUEL WEINTRAUB,

                              Defendants.

-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT ON BEHALF OF DEFENDANT <u>STEPHEN S. WEINTRAUB, ESQ.</u>

**FURMAN KORNFELD & BRENNAN LLP**
*Attorneys for Defendant*
*STEPHEN S. WEINTRAUB, ESQ.*
61 Broadway, 26th Floor
New York, New York 10006
Tel:   (212) 867-4100
Fax:   (212) 867-4118
FKB File No.: 303.021

By Counsel:

Rachel Aghassi, Esq.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.....................................................................................ii

PRELIMINARY STATEMENT……………………………………………………….........1

STATEMENT OF FACTS...................................................................................3

PROCEDURAL HISTORY ................................................................................5

STANDARD REVIEW.......................................................................................7

ARGUMENT...................................................................................................8

    POINT I:  THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF
          ACTION UNDER 42 USC § 1983 ..................................................8

        A.  Plaintiffs' Complaint Fails to Allege the 'Joint Activity'…………….……9

        B.  Plaintiffs' Complaint Fails to Allege the Conspiracy……………………11

        C.  Plaintiffs' Complaint Fails to Allege Attorney Weintraub's
           Personal Involvement………………………………………………………..12

    POINT II: PLAINTIFFS' CLAIM FOR VIOLATION OF THE AUTOMATIC
          STAY FAILS AS A MATTER OF LAW ...........................................12

    POINT III: THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL
          JURISDICTION OVER PLAINTIFFS' STATE-LAW CLAIMS WHICH
          OTHERWISE FAIL AS A MATTER OF LAW...……………..........................14

        A.  Plaintiffs' Fail to Allege a False Imprisonment Claim under
           New York Law………………………………………………………………14

        B.  Plaintiffs' Complaint Fails to Allege Conspiracy under
           New York Law………………………………………………………………15

         C.  Plaintiffs' Complaint Fails to Allege Constitutional Tort………………...15

        D.  Plaintiffs' Complaint Fails to Allege Malicious Prosecution……………..15

        E.  Plaintiffs' Complaint Fails to Allege Intentional Infliction
           of Emotional Distress………………………………………………………..17

CONCLUSION..................................................................................................17

# TABLE OF AUTHORITIES

**CASES** ....................................................................................................................*Page(s)*

*Adickes v. S. H. Kress & Co.,*
398 U.S. 144 (1970)……………………………………………………………………....9

*Alexander & Alexander, Inc. v. Fritzen,*
68 N.Y.2d 968 (1986)…………………………………………………………………………15

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)........................ ………………………..………………………………7

*ATSI Communications, Inc. v. Shaar Fund, Ltd.,*
493 F.3d 87 (2d Cir. 2007)………………..……………………………………………………8

*Baker v. City of New York,*
44 A.D.3d 977 (2d Dept. 2007)………………………………………………...15, 16

*Bang v. Utopia Restaurant,*
923 F. Supp. 46 (S.D.N.Y. 1996)……………..………………………………………………9

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)……………………………………………………………… 7-8

*Bourdon v. Loughren,*
386 F.3d 88 (2d Cir. 2004)………………..……………………………………………………9

*Brackett v. Griswold,*
112 N.Y. 454 (1889)……………………………………………………………………...15

*Brown v. Sears Roebuck & Co,*
297 A.D.2d 205 (1st Dept. 2002)……………………………………………………………...16

*Carrington v. City of New York,*
201 A.D.2d 525 (2d Dept. 1994)………………..…………………………………………...14

*Ciambriello v. County of Nassau,*
292 F.3d 307 (2d Cir. 2002)……………..……………………………………………………11

*Cortec Industries, Inc. v. Sum Holding L.P.,*
949 F.2d 42 (2d Cir. 1991)……………..………………………………………………...8

*Cosmas v. Hassett,*
886 F.2d 8 (2d Cir. 1989)……………..……………………………..……………………8

*Crysen/Montenay Energy Co. v. Esselen Assoc., Inc.,*
902 F.2d 1098 (2d Cir. 1990)…………..………………………………………….13

*Danahy v. Meese,*
84 A.D.2d 670 (4th Dept. 1981)……………………………………………………15

*DeJesus v. Sears Roebuck & Co.,*
87 F.3d 65 (2d Cir. 1996)…………….…………………………………………...7

*Dwares v. City of New York,*
985 F.2d 94 (2d Cir.1993)……………………………………………. ………….....8, 11

*Giraldo v. Kessler,*
694 F.3d 161 (2d Cir. 2012)………………………………………………………….8

*In re Grinspan,*
597 B.R. 725 (Bankr E.D.N.Y. 2019)……………………………………………13

*Guiles v. Simser,*
35 A.D.3d 1054 (3d Dept. 2006)…………………………………………………...17

*Hernandez v. United States,*
939 F3d 191 (2d Cir 2019)…………………………………………………………14

*Howell v. New York Post Co., Inc.,*
81 N.Y.2d 115 (1993)………………………………………………………………17

*Kuklachev v. Gelfman,*
600 F.Supp.2d 437 (E.D.N.Y. 2009)………………………………………………...7

*In re Laskaratos,*
605 B.R. 282 (Bankr E.D.N.Y. 2019)……………………..…………………………13

*In re Leiba*
529 B.R. 501 (Bankr. E.D.N.Y. 2015)…………………………………………...13

*Lupski v. County of Nassau,*
32 A.D.3d 997 (2d Dept. 2006)……………………………………………………16

*McKinnon v. Patterson,*
568 F.2d 930 (2d Cir 1977)………………………………………. ………….…………12

*Nicholas v. Goord,*
430 F.3d 652 (2d Cir. 2005)………………………………………………..…….9

*Pangburn v. Culbertson,*
200 F.3d 65 (2d Cir. 1999)…………………………………………………….……11

*Pappas v. Passias,*
271 A.D.2d 420 (2d Dept. 2000)…………………………………………………………...15

*Provost v. City of Newburgh,*
262 F.3d 146 (2d Cir.2001)……………………………………………………………………12

*Rice v. City of New York,*
275 F. Supp. 3d 395 (E.D.N.Y. 2017)……………………………………….........10-11

*Snider v. Dylag,*
188 F.3d 51 (2d Cir.1999)………………...……………………………………………8

*Sykes v. Bank of America,*
723 F.3d 399 (2d Cir. 2013)……………………………………………………………9

*Williams v. State,*
90 A.D.2d 861 (3d Dept. 1982)……………………………………………………………14

*Wright v. Smith,*
21 F.3d 496 (2d Cir.1994)……………………………………………………………………12

*Wong v. Yoo,*
649 F. Supp. 2d 34 (E.D.N.Y. 2009)……………………………...…………………..…………9, 12

## STATUTES

11 U.S.C. § 362………………...……………………………………………...………......2, 12

28 U.S.C. § 1367........ …………………..……………………………………………14

42 U.S.C. § 1983…………………………………………………………………… *passim*

42 U.S.C. § 1988……………………………………………………………………………..2

Fed. R. Civ. P.  § 8........……………………………………………………..……………………7

Fed. R. Civ. P.  § 11 ........................…………………………………………..…………………2

Fed. R. Civ. P. § 12 ........................……...………………………………………………….. *passim*

N.Y. Const. Art. I § 5 .....……………………………….…………………………2, 15

N.Y. Const. Art. I § 6....…………………………….…………………………………2, 15

N.Y. Const. Art. I § 12....……………………..…………………………………………2, 15

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of Defendant Stephen S. Weintraub, Esq. ("Attorney Weintraub") in support of Attorney Weintraub's motion to dismiss, pursuant to F.R.C.P. §12(b)(6), the Amended Complaint of Plaintiffs Kingsley Palmer and Sharon Palmer (collectively "Plaintiffs") as against Attorney Weintraub with prejudice. Plaintiffs' action must be dismissed because Plaintiffs fail to state a valid cause of action against Attorney Weintraub.

This matter stems from (1) a foreclosure action brought against homeowner Plaintiffs in 2013 (the "Foreclosure Action") relating to property located at 891 East 40th St, Brooklyn, New York 11210 (the "Premises"), (2) a post-foreclosure holdover proceeding in housing court in 2018 relating to the Premises, and (3) Plaintiffs' alleged eviction from the Premises.  Attorney Weintraub represented the buyers of the Premises, co-defendant E 40 Buyers IG, LLC ("E 40 Buyers"), in item (2) the successful holdover proceeding, but was not retained to take any steps with respect to (1) the Foreclosure Action, and (3) obtaining a warrant of eviction.

Notably, Plaintiffs filed their initial complaint on October 1, 2019,[1] speculatively alleging that *someone* from Attorney Weintraub's office appeared in the Foreclosure Action related to an order to show cause to stay their eviction, that this unnamed person threatened Plaintiffs with eviction, and that their ensuing eviction and arrest despite the interim stay in place, was somehow vaguely Attorney Weintraub's fault. On February 12, 2020, the undersigned counsel in good faith informed Plaintiffs' counsel that Attorney Weintraub was never retained to represent E 40 Buyers in the underlying Foreclosure Action and did not represent, or appear on their behalf, at the June 26, 2019 appearance as Plaintiffs' alleged in their initial complaint. A stipulation to extend

---

[1] *See* ECF No. 1.

Attorney Weintraub's time to answer the complaint was entered into with Plaintiffs' counsel for the express purpose of allowing Plaintiffs' counsel time to investigate and withdraw the frivolous action against Attorney Weintraub. During a subsequent teleconference held before this Court on August 24, 2020, Plaintiffs' counsel admitted that he did not obtain any additional information to implicate Attorney Weintraub, yet shockingly put in new allegations in the instant Amended Complaint (or the "Complaint"), with no good faith basis, affirmatively asserting that Attorney Weintraub was present at the order to show cause hearing and that he made certain comments to Plaintiffs. This motion will serve as notice that if such improper claims are not withdrawn in 21 days, Attorney Weintraub reserves the right to move for sanctions under FRCP § 11.

More importantly, even if the allegations in the Amended Complaint were true, which they are not, Plaintiffs' fail to state a single valid cause of action against Attorney Weintraub, who was not acting under the color of law necessary to sustain Plaintiffs' claims. In total, Plaintiffs allege eight (8) causes of action against Attorney Weintraub, including civil rights violations under 42 U.S.C. § 1983 and § 1988, as well as violations under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and under §§ 5, 6, and 12 of the New York Constitution, false imprisonment, violation of an automatic stay under 11 U.S.C. § 362, civil conspiracy, intentional infliction of emotional distress, and malicious prosecution, all relating to attempts to evict Plaintiffs. However, the Complaint does not allege Attorney Weintraub was involved in any way in regard to the issuance of a warrant and later eviction of the Plaintiffs, beyond mere speculation.

Indeed, even when considering Plaintiffs' new speculative, improper and outright incorrect allegations, the Complaint still fails to allege a single cause of action against Attorney Weintraub who is not a state actor and was not involved, nor alleged to have been involved, in Plaintiffs

2

eviction or arrest. Accordingly, this Complaint is entirely unsustainable on the law and the factual assertions are, at best, broad speculation, and at worst, a gross misrepresentation of the underlying facts of the case.

## STATEMENT OF FACTS[2]

In 2013, CitiMortgage brought a foreclosure action against homeowner Plaintiffs (the "Foreclosure Action"),[3] in connection with the Premises. A judgment of foreclosure and sale was eventually issued and on July 20, 2018, co-defendant E 40 Buyers purchased the Premises at a foreclosure sale held pursuant to the judgment of foreclosure. Attorney Weintraub was not involved in the Foreclosure Action.

After E 40 Buyers took title to the property, Attorney Weintraub was retained by them in connection with a separate holdover proceeding commenced in the housing court in the Civil Court of the City of New York, Kings County (the "Holdover Proceeding").[4]  The purpose of Attorney Weintraub's representation was to obtain a judgment of possession against Plaintiffs after the foreclosure.  *See* Weintraub Aff. ¶ 3.[5] Attorney Weintraub never appeared in person and instead, Attorney Weintraub retained Marc Aronson, Esq. ("Attorney Aronson") to appear on Attorney Weintraub's behalf on a per diem basis. *See* Weintraub Aff. ¶ 4; Aronson Aff ¶ 3.[6]

On February 28, 2019, after a trial in which Attorney Aronson appeared,[7] Judge Jeannine B. Kuzneiski issued a judgment of possession in favor of E 40 Buyers in the Holdover Action. *See*

---

[2] All exhibits ("Ex.") are annexed to the Declaration of Rachel Aghassi, dated October 9, 2020 ("Aghassi Decl.") submitted herewith this Memorandum of Law in support of the instant motion to dismiss.
[3] *MTGLQ Investors, LP v. Kingsley Palmer et al*, Index No. 508193/2013 (Supreme Court, Kings County). MTGLQ Investors was eventually substituted in place of CitiMortgage.
[4] *E 40 Buyers IG LLC v. Kingsley Palmer et al*, Index No. LT-82907-18/KI (Civil Court, Kings County).
[5] "Weintraub Aff." refers to the Affidavit of Stephen S. Weintraub, Esq. dated May 21, 2020 in support of the motion to dismiss, submitted herewith.
[6] "Aronson Aff." refers to the Affidavit of Marc Aronson, Esq. dated May 14, 2020 in support of the motion to dismiss, submitted herewith.
[7] *See* Aronson Aff. ¶ 3; Weintraub Aff. ¶ 5.

Ex. B; *see also* Weintraub Aff ¶ 5; Aronson Aff ¶ 3. The judgment of possession allowed E 40 Buyers to obtain a warrant to evict Plaintiffs from the Premises. The eviction process does not require the help of an attorney to obtain a warrant, and Attorney Weintraub was not retained by and was not involved in E 40 Buyers' efforts to obtain a warrant or arranging the eviction. *See* Weintraub Aff. ¶¶ 6 and 8.

After attempting, and failing, to obtain a stay in the Holdover Proceeding and also attempting and failing to obtain a stay of the Foreclosure Action from the Appellate Division, Second Department, on May 19, 2019, Plaintiffs, proceeding *pro se*, filed an Order to Show Cause ("OTSC") in the Foreclosure Action requesting a stay of eviction, which was signed the next day, setting a hearing on June 26, 2019 ("June 26 Appearance"). *See* Ex. C. The OTSC contained an order for temporary relief that "pending a hearing, all proceedings in the eviction action are stayed (index no. 82907/2018)." *Id.* This appears to be the result of some confusion as the index number cited is for the Holdover Proceeding (not an "eviction action" as Plaintiffs' allege in the Complaint[8]).  In any event, there were no proceedings which took place on the Holdover Proceeding after the OTSC was signed as that action was disposed of on February 28, 2019. In the portion of the OTSC for service filled out by Plaintiffs, Plaintiffs wrongly identified Attorney Weintraub as E 40 Buyers' counsel in the Foreclosure Action even though Attorney Weintraub had never appeared in the Foreclosure Action and E 40 Buyers was not a party thereto.  *See* Ex. C; Weintraub Aff. ¶ 7. Even more so, the OTSC oddly did not even require the plaintiff in the Foreclosure Action, MTGLQ Investors, to be served with a copy.

Attorney Weintraub did not appear, and was not retained to appear, nor did he send anyone to appear on his behalf at the scheduled oral argument at the June 26 Appearance. *See* Weintraub

---

[8] *See* Ex. A ¶ 16.

Aff. ¶ 7.  If an attorney appeared on behalf of E 40 Buyers on June 26, 2019, as Plaintiffs allege,

he or she was not retained by Attorney Weintraub. *Id.* According to Plaintiffs, the late Noach Dear

adjourned the OTSC at the June 29 Appearance and extended the stay based on Plaintiffs' recent

Chapter 13 bankruptcy filing.[9] Attorney Weintraub was not present at the June 26 Appearance as

he was not involved in this matter. *See* Weintraub Aff.  ¶¶ 7and 8. To date, there has been no final

determination on the OTSC and it is unclear if argument eventually took place.

## PROCEDURAL HISTORY

Plaintiffs filed this suit on October 1, 2019 against the City of New York, Inspector Elliot

Colon, Ramos, Reggie aka Frank Singh, E 40 Buyers IG, LLC, Attorney Weintraub, and John Doe

#1-2, alleging six (6) causes of action against Attorney Weintraub, all relating to attempts to evict

Plaintiffs, which the Plaintiffs did not allege Attorney Weintraub was involved in beyond mere

speculation. *See* ECF No. 1. The initial complaint asserted that at the June 26 Appearance, "[t]he

East 40th [*sic*] Buyers were there. The lawyer for E 40 Buyer [*sic*] (Stephen Weintraub [*sic*] office)

were [*sic*] there" and that "the lawyer for E 40 Buyers IG, LLC, got angry and started saying they

are going to get cops and get us thrown out." *Id.* at ¶ 19.  Notably, Plaintiffs did not allege that

Attorney Weintraub himself was present. Plaintiffs then alleged that the day after the adjournment

hearing, police officers arrived at the Premises and subsequently wrongfully arrested both Mr. and

Mrs. Palmer for trespass. *Id.*  Plaintiffs did not allege that Attorney Weintraub was involved in that

incident.

---

[9] *In re: Kingsley Palmer*, No. 1-19-43814-cec, (Bank. E.D.N.Y.) The bankruptcy proceeding was subsequently
dismissed on August 5, 2019 and terminated on October, 8, 2019, based on the Palmers' failure to file necessary
documents, failure to make payments to creditors, and failure to make an appearance at a mandatory conference. *See
id.* Electronic Order dated Oct. 8, 2019. The related adversary action, entitled *Kingsley Palmer v. City of New York, E
40 Buyers, et al*, No. 1-19-01099-cec, (Bank. E.D.N.Y.), was dismissed and terminated by Electronic Order on October
7, 2019. The adversary complaint was nearly identical to the instant Complaint except that it does not name Attorney
Weintraub as a defendant.

Pursuant to this Court's rules, on March 16, 2020, Attorney Weintraub filed a pre-motion conference letter requesting permission to file a pre-answer motion to dismiss. *See* ECF No. 18. On April 7, 2020, in Plaintiffs' opposition letter, Plaintiffs assert certain unfounded and unpleaded claims against Attorney Weintraub, including that "Weintraub [sic] office engaged the police to take over the private property and oust the plaintiffs from their home." *See* ECF No. 21. On April 9, 2020, the Court issued a text order deciding that a pre-motion conference was not necessary and allowing this motion to go forward.

On May 26, 2020, Attorney Weintraub filed a motion to dismiss the initial complaint pursuant to FRCP § 12(b)(6) based on Plaintiffs' failure to state a claim upon which relief can be granted against Attorney Weintraub. *See* ECF No. 24. The motion was fully briefed as of July 24, 2020.

On August 24, 2020, a teleconference was held before this Court, where Plaintiffs indicated their intent to file the instant Amended Complaint. *See* ECF Dkt. Electronic Order dated August 24, 2020. During such teleconference, Plaintiffs' counsel admitted that he did not obtain any additional information to implicate Attorney Weintraub.

On September 12, 2020, Plaintiffs filed the instant Amended Complaint against the City of New York, Inspector Elliot Colon, Ramos, Reggie aka Frank Singh, E 40 Buyers IG, LLC, Attorney Weintraub, Officer Adam Giaclaone, and Officer Nicholas Cargieri, alleging eight (8) causes of action against Attorney Weintraub. The Amended Complaint now asserts additional causes of action against Attorney Weintraub for malicious prosecution and intentional infliction of emotional distress. Additionally, the Amended Complaint now affirmatively asserts, with no good faith basis, that Attorney Weintraub was present at the June 26 Appearance and that Attorney Weintraub stated that he would get the cops involved to get Plaintiffs thrown out.

6

**STANDARD OF REVIEW**

A motion pursuant to F.R.C.P. 12(b)(6) seeks dismissal on the grounds that the complaint fails to state a claim upon which relief may be granted. Ordinarily, the complaint must simply "contain a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). Conclusory statements and allegations are insufficient to meet this burden. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the allegations in an initial pleading must "meet the standard of plausibility." *Kuklachev v. Gelfman*, 600 F.Supp.2d 437, 455 (E.D.N.Y. 2009).

To survive a motion to dismiss pursuant to FRCP 12(b)(6), a complaint must contain allegations that "raise a right to relief above the speculative level" and which are not simply generic labels, broad conclusions or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555-556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 557. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Second Circuit has held on this point that a party must set forth sufficient facts to support each element of a claim. *See DeJesus v. Sears Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996). To maintain an action, the plaintiff must allege facts demonstrating "more than a sheer possibility that a defendant acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*. A complaint will not suffice if it relies on "naked assertions devoid of further factual enhancement." *Twombly*, 550 U.S. at 557.

For purposes of a motion to dismiss, a complaint is deemed to include any written

instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.  *See Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989).  Also included are documents that the plaintiffs knew about or relied upon in bringing the suit.  *See Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991).  Furthermore, when deciding a motion to dismiss, the court can take judicial notice of relevant matters of public record.  *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

## ARGUMENT

### POINT I
### THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER 42 USC § 1983

Plaintiffs' Complaint must be dismissed as it fails to set forth a valid cause of action against Attorney Weintraub.  Plaintiffs' claims against Attorney Weintraub that, Attorney Weintraub appeared at the June 26 Appearance, in which no argument took place, and ambiguously made threats against Plaintiffs, are not only conclusory and without any basis in fact, but also fail to state a claim on which relief may be granted. FRCP § 12(b)(6) requires a complaint to "provide the grounds upon which [the] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007), *quoting Twombly.* 550 U.S. at 555.  The Complaint wholly fails to meet this burden, as Plaintiffs present no facts in the Complaint regarding Attorney Weintraub's conduct that could remotely raise a right to relief.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law; and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States" or federal law. *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir.1999) (citing *Dwares v.*

*City of N.Y.*, 985 F.2d 94, 98 (2d Cir.1993)). Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013). Absent special circumstances suggesting concerted action between an attorney and a state representative, representation by private counsel in state proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983. *See Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005); *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004). Attorney Weintraub is a private individual, not a state actor, and Plaintiffs have not pleaded facts sufficient to give rise to private liability under 42 U.S.C. § 1983.

### A.  *Plaintiffs' Complaint Fails to Allege the 'Joint Activity'*

Private individuals are liable under 42 U.S.C. § 1983 where the private actor operates as a willful participant in joint activity with the State or its agents. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970). "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." *Wong v. Yoo*, 649 F. Supp. 2d 34, 55-56 (E.D.N.Y. 2009) (citing *Bang v. Utopia Restaurant*, 923 F. Supp. 46, 49 (S.D.N.Y. 1996)).

Here, Plaintiffs allege that "[d]efendants have deprived plaintiffs of their civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiffs under 42 U.S.C. § 1983." *See* Ex. A ¶27. Specifically, Plaintiffs claim violations of their Fourth and Fourteenth Amendment rights under the United States Constitution to be free of unreasonable searches and seizures, and of their right to due process under the Fourteenth Amendment of the United States Constitution. Plaintiffs support their allegation that Attorney Weintraub "conspired" with the New York Police Department ("NYPD")

to deprive them of their rights by stating that the "lawyer for E 40 Buyer, Stephen Samuel Weintraub was there [present at the June 26 Appearance]" and that "Mr. Weintraub attorney for E 40 Buyers IG, LLC, got angry and started saying they are going to get the cops and get us thrown out." *See* Ex. A ¶20. Plaintiffs' Complaint fails to allege that Attorney Weintraub actually called or engaged the police to have Plaintiffs evicted from the Premises or that Attorney Weintraub shared any common goal with the NYPD whatsoever.

In *Rice v. City of New York*, 275 F. Supp. 3d 395 (E.D.N.Y. 2017), this Court analyzed facts and issues almost identical to the instant Complaint. In *Rice*, the plaintiff tenants brought an action under 42 U.S.C. § 1983 against their landlord and their landlord's attorneys alleging the landlord's attorneys wrongfully obtained a city housing court order and summoned the police to enforce the wrongful order, which resulted in the tenants arrest. In *Rice*, 275 F. Supp. 3d 395, to determine whether the private attorneys were personally liable under § 1983, the Court looked to whether the facts as alleged in the complaint showed that the attorney defendants shared a common goal with the police to violate the tenants' rights. *Id.* The specific allegations were that

> (1) the attorneys filed an order to show cause in "for purposes of inappropriately, wrongfully and unlawfully importuning said Court to act thereon by its signing," (2) the judge signed the order "as tendered by the ... defendants, inclusive of its temporary restraining order, without conducting any kind of hearing ... and without the supporting documentation," (3) the landlords, "at the instruction of or by the acts of the [attorneys] ,... contacted, called, summoned, importuned or otherwise caused [the police] to be present at, near, in or about [tenants' apartment] for purposes of enforcing the said temporary restraining order and/or to facilitate and/or cause the unlawful and/or forced entry therein by themselfs [sic] and/or by" the HVAC workers, and (4) the attorneys "did conspire to cause and permit and did actually cause and permit the false arrest, wrongful detention, assault, wrongful entry, constructive eviction and the unlawful seizure of the person and property of the plaintiffs."

*Id.* at 404. Ultimately, the *Rice* Court found there were no facts alleged which supported a claim that the attorney defendants "had an understanding with or exerted any improper influence over any state actor, and the Court 'cannot speculate' as to whether any such discussions occurred or

10

what they contained" *Id.* (citation omitted). The Court further held that "merely… calling the police, even for an improper purpose, does not create private liability under § 1983." *Id.* Here, even if Attorney Weintraub had called the police, which Plaintiffs do not allege, merely engaging the police to have Plaintiffs evicted is not sufficient to give rise to a claim under 42 U.S.C. § 1983.

### B. *Plaintiffs' Complaint Fails to Allege Conspiracy*

To bring a 42 U.S.C. § 1983 conspiracy claim, Plaintiffs must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury, and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002) (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)). Further, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Id.* at 325 (quoting *Dwares*, 985 F.2d at 100).

Plaintiffs' Complaint fails to allege any agreement between Attorney Weintraub and any state actor beyond Plaintiffs' mere conclusory contention that Attorney Weintraub stated "they are going to get cops and get [Plaintiffs] thrown out" of the Premises at the June 26 Appearance. *See* Ex. A ¶20. Plaintiffs' allegations are vague, conclusory, general, and are insufficient because there is no specific instance of misconduct on behalf of Attorney Weintraub alleged. *See Ciambriello*, 292 F.3d at 324–25; *see also Rice*, 275 F. Supp. 3d at 406 (finding no factual basis to suggest an agreement between the defendants and any state actor to act in concert to inflict a constitutional injury where plaintiffs failed to specifically plead the details of a conspiracy beyond the details that defendants summoned the police to plaintiffs' apartment to enforce a temporary restraining order).

11

### C. *Plaintiffs' Complaint Fails to Allege Attorney Weintraub's Personal Involvement*

Even if Plaintiffs allegations established joint action or conspiracy rising to the level of a private actor acting under the color of law, which they do not, Plaintiffs have not pleaded facts sufficient to establish personal liability on behalf of Attorney Weintraub. "[I]t is well settled in [the Second] Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *See Wong*, 649 F Supp. 2d at 53 (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994); *see also McKinnon v. Patterson*, 568 F2d 930, 934 (2d Cir 1977). "Personal involvement may be established by a showing of direct participation, meaning 'intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal.'" *Wong*, 649 F.Supp. 2d at 61 (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir.2001)).

As mentioned above, Plaintiffs' merely allege that the "Mr. Weintraub attorney for E 40 Buyers IG, LLC, got angry and started saying they are going to get the cops and get us thrown out." *See* Ex. A ¶20. In the Complaint, Plaintiffs do not allege that Attorney Weintraub actually called the police leading to their alleged wrongful eviction or that Attorney Weintraub was present during the alleged constitutional deprivations. As Plaintiffs do not allege Attorney Weintraub himself was present during the eviction and arrest, or that he personally called the police, Plaintiffs have failed to plead facts sufficient to show the requisite personal involvement to bring a 42 U.S.C. § 1983 claim against Attorney Weintraub who is not a state actor.

## POINT II

## PLAINTIFFS' CLAIM FOR VIOLATION OF THE AUTOMATIC STAY FAILS AS A MATTER OF LAW

A party seeking damages for a violation of an automatic stay pursuant to 11 U.S.C. § 362(k) must prove "(1) that a bankruptcy petition was filed, (2) that the debtor is an individual, (3) that

the creditor received notice of the petition, (4) that the creditor's actions were in willful violation of the stay, and (5) that the debtor suffered damages." *See In re Laskaratos*, 605 B.R. 282, 299-300 (Bankr E.D.N.Y. 2019) (citing *In re Leiba*, 529 B.R. 501, 506 (Bankr. E.D.N.Y. 2015)). The term 'willful' means 'any deliberate act taken by a creditor in violation of the automatic stay, which the violator knows to be in existence.' *See In re Leiba*, 529 B.R. at 507 (quoting *Crysen/Montenay Energy Co. v. Esselen Assoc., Inc.,* 902 F.2d 1098, 1105 (2d Cir. 1990)).

Although attorneys representing creditors can be liable for damages based on actions the attorney took in violating a stay, Plaintiffs' have not alleged facts sufficient to state such a claim. Plaintiffs' have not alleged that Attorney Weintraub took any willful action to violate the stay as required to bring such claim. *See In re Grinspan*, 597 B.R. 725, 744 (Bankr E.D.N.Y. 2019) (holding that a creditor's attorney was liable for violating an automatic stay based on his actual knowledge of the debtor's bankruptcy filing and the attorney's subsequent filing of a motion in state court against the stay). Instead, Plaintiffs' here speculatively claim with no good faith basis that on June 26, 2019 Attorney Weintraub was present at a court hearing and was shown the bankruptcy paperwork. *See* Exhibit A ¶20. Plaintiffs further contend that Attorney Weintraub got angry and stated he would get the cops and have Plaintiffs thrown out of the Premises and that the next day, the police showed up and allegedly falsely arrested Plaintiffs. *Id.* Besides the fact that Attorney Weintraub's representation of E 40 Buyer was exclusive to the Holdover Proceeding and had never represented E 40 Buyers in the bankruptcy proceeding or the Foreclosure Action, nor was he present at the hearing, the allegations in the Complaint are insufficient to establish liability on behalf of Attorney Weintraub. Plaintiffs do not allege that Attorney Weintraub acted in any way to violate the stay, let alone doing so willfully. Therefore, Plaintiffs' claim for damages for a willful violation of the stay is also meritless.

## POINT III

## THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE-LAW CLAIMS WHICH OTHERWISE FAIL AS A MATTER OF LAW

Since the federal claims are wholly without merit, this Court could, and should, decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Even more so, Plaintiffs' state law claims are similarly meritless.

### A. Plaintiffs' Fail to Allege a False Imprisonment Claim under New York Law

To state a false imprisonment claim under New York law, a plaintiff must allege facts sufficient to show (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged. *See Hernandez v. United States*, 939 F3d 191, 199 (2d Cir 2019) (citation omitted). Where, as here, a plaintiff does not allege a defendant personally confined the plaintiff, "the plaintiff must show that [the] defendant instigated his arrest." *Carrington v. City of New York*, 201 A.D.2d 525, 526-27 (2d Dept. 1994).

Plaintiffs' Complaint fails to allege facts sufficient to give rise to a claim that Attorney Weintraub "instigated" their arrest as Plaintiffs do not and cannot allege Attorney Weintraub personally engaged the NYPD to have Plaintiffs arrested. Even if this Court were to construe the Complaint to allege Attorney Weintraub called the police, which it does not, Plaintiffs false imprisonment would still fail. "Merely providing information to the [police], even when subsequently found to be in error, resulting in the arrest of an innocent man, does not subject the informant to liability for false imprisonment." *Williams v. State*, 90 A.D.2d 861, 862 (3d Dept. 1982).

### B. *Plaintiffs' Complaint Fails to Allege Conspiracy under New York Law*

New York does not recognize civil conspiracy to commit a tort as an independent cause of action. *See Pappas v. Passias,* 271 A.D.2d 420 (2d Dept. 2000); *see also Alexander & Alexander, Inc. v. Fritzen,* 68 N.Y.2d 968 (1986). Such cause of action can be pleaded only if evidence exists of an underlying tort to connect the actions of separate defendants with an otherwise actionable tort. *See id. quoting Brackett v. Griswold,* 112 N.Y. 454 (1889); *see also Danahy v. Meese*, 84 A.D.2d 670 (4th Dept. 1981).

Plaintiffs contend that "defendants agreed to violate the plaintiffs' rights" and "made an agreement to attempt to cover up the Supreme Court order of the restraining order" and "took action in furtherance of this agreement by arresting plaintiffs and bringing charges of trespass against him." *See* Ex. A ¶¶ 36-37. As described above, Plaintiffs have not alleged any facts sufficient to show an "agreement" between Attorney Weintraub and any other named defendant. Additionally, as described above, Plaintiffs fail to properly plead the independent cause of action for false imprisonment against Attorney Weintraub, thus the civil conspiracy claim must also fail.

### C. *Plaintiffs' Complaint Fails to Allege Constitutional Tort*

Plaintiffs' allege that "[d]efendants, acting under color of law, violated plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution." *See* Ex. A ¶ 37. As discussed above, Attorney Weintraub is not a state actor and was not acting under color of law, therefore Plaintiffs' constitutional tort claim likewise fails.

### D. *Plaintiffs' Complaint Fails to Allege Malicious Prosecution*

In order to recover for malicious prosecution, a plaintiff must establish four elements: (1) that a criminal proceeding was commenced; (2) that it was terminated in favor of the accused; (3) that it lacked probable cause; and (4) that the proceeding was brought out of actual malice. *Baker*

*v. City of New York*, 44 A.D.3d 977, 979 (2d Dept. 2007).  A failure to establish any one of those elements results in the defeat of the plaintiff's cause of action.  *Brown v. Sears Roebuck & Co*, 297 A.D.2d 205 (1st Dept. 2002).  In order for a civilian defendant to be considered to have initiated a criminal proceeding, the defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his own volition.  *See Lupski v. County of Nassau*, 32 A.D.3d 997, 998 (2d Dept. 2006).  As a general rule, a civilian complainant who merely furnishes information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest will be made and criminal charges filed will not be held liable for malicious prosecution.  *See Baker*, 44 A.D.3d at 980.

Here, Plaintiffs' allegations in the Complaint do not give rise to a claim for malicious prosecution against Attorney Weintraub who is a civilian.  In a conclusory fashion, Plaintiffs allege that Attorney "Weintraub lived up to his declaration what he had said [sic] on June 26, 2019 that he would get the police to do the job now." *See* Ex. A ¶63. Plaintiffs do not allege that Attorney Weintraub affirmatively called the police or provided NYPD with any information, let alone that Attorney Weintraub affirmatively induced an officer to act in such a way that would show the officers were not acting on their own volition. *See Baker*, 44 A.D.3d at 980; *See Lupski*, 32 A.D.3d at 998. As such, Plaintiffs' Complaint wholly fails to show that Attorney Weintraub initiated or participated in any criminal proceeding against the Plaintiffs, thus the malicious prosecution claim is similarly meritless.

16

### E. *Plaintiffs' Complaint Fails to Allege Intentional Infliction of Emotional Distress*

Plaintiffs do not set forth a valid claim for intentional infliction of emotional distress against Attorney Weintraub as they fail to set forth any acts by Attorney Weintraub supporting such a claim.  A prima facie claim of intentional infliction of emotional distress under New York law requires a showing of "(1) extreme and outrageous conduct; (2) intent to cause severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress."  *Howell v. New York Post Co., Inc*., 81 N.Y.2d 115, 121 (1993).

While Plaintiffs do not make any specific allegations of conduct on behalf of Attorney Weintraub in their cause of action for intentional infliction of emotional distress, none of the in the Complaint set forth any extreme and outrageous conduct by Attorney Weintraub, nor an intent to cause severe emotional distress to Plaintiffs. Indeed, the allegations in the Complaint against Attorney Weintraub relate to his purported statements at a hearing in which Plaintiffs allege Attorney Weintraub was representing E 40 Buyers. Even if Plaintiffs allegations in the Complaint were true, non-speculative, and made with a good faith basis, the alleged conduct by Attorney Weintraub amounts to nothing more than an attorney representing a client at a hearing. *See Guiles v. Simser*, 35 A.D.3d 1054 (3d Dept. 2006) (under New York law, a plaintiff may not recover emotional damages based upon an attorney's conduct in an underlying civil action). As Plaintiffs' allegations against Attorney Weintraub do not constitute extreme and outrageous conduct, and did not cause Plaintiffs severe emotional distress, Plaintiffs' action must be dismissed.  *Howell*, 81 N.Y.2d at 121.

### CONCLUSION

For all of the foregoing reasons and principles of law, the motion by Attorney Weintraub, pursuant to F.R.C.P. 12(b)(6), should be granted dismissing the Complaint, with prejudice,

together with such other, further and different relief as to the Court seems just and proper.

Dated:  New York, New York
        October 9, 2020

                          Yours, etc.

                          FURMAN KORNFELD & BRENNAN LLP

                        By:    /s/ Rachel Aghassi            
                                  Rachel Aghassi, Esq.
                                  Attorney for Defendant
                                  *Stephen S. Weintraub, Esq.*
                                  61 Broadway, 26th Floor
                                  New York, New York 10006
                                  (212) 867-4100
                                  File No.: 303.021