

**GEORGIA M. PESTANA**
*Corporation Counsel*

Tʜᴇ Cɪᴛʏ ᴏғ Nᴇᴡ Yᴏʀᴋ
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**JAMES R. MURRAY**
*Assistant Corporation Counsel*
phone: (212) 356-2372
fax: (212) 356-3509
jamurray@law.nyc.gov

October 21, 2021

<u>**VIA ECF**</u>
Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    <u>Palmer, et al. v. City of New York, et al., 19-CV-5542 (RPK) (CLP)</u>

Your Honor:

I am an Assistant Corporation Counsel in the Office of James E. Johnson, attorney for Inspector Elliot Colon and Police Officer Luis Ramos in the above-referenced matter. Defendants respectfully write in accordance with the Court's September 30, 2021 Memorandum and Order on City Defendants' motion to dismiss, which directed the parties to file supplemental letters regarding whether Plaintiff's common law claims for false arrest, conversion, assault, and battery are barred by their failure to file a notice of claim.  ECF No. 54.  Defendants Colon and Ramos submit that they are.

By way of background, Plaintiffs allege, <u>inter alia</u>, that E 40 Buyers IG, LLC, Samuel Weintraub, and Frank Singh[1] conspired with Defendant members of the New York City Police Department to have Plaintiffs removed from their home and to have Plaintiff Kingsley Palmer falsely arrested on June 27, 2019.  ECF No. 1.  On September 12, 2020, Plaintiffs filed their First Amended Complaint ("FAC"), naming two new defendants and asserting several new federal and state law claims.  ECF No. 32.  On October 9, 2020, City Defendants and Defendant Weintraub filed motions to dismiss the First Amended Complaint.  ECF Nos. 37-40.

On September 30, 2021, the Court dismissed Plaintiffs' claims against Defendants City of New York and Weintraub.  ECF No. 54.  The Court found that Plaintiff's claim for false arrest

---

[1] E 40 Buyers IG, LLC and Frank Singh were never served with process and are not defendants in this matter.

under the Fourth Amendment against Ramos could proceed.  Id.  However, the Court reserved judgment on Plaintiff's state law false arrest, assault and battery, and conversion claims because there is a split within the Second Circuit regarding whether a plaintiff must file a notice of claim under the New York General Municipal Law for intentional torts.  Id.  Additionally, the Court reserved judgment on the question of whether Plaintiff sufficiently pled any state law claims against Elliot Colon.  Id.  The Court directed the parties to file supplemental letters regarding the notice of claim issue by October 21, 2021.  Id.

Plaintiffs' remaining state law claims against Ramos and Colon are barred because they failed to file a notice of claim as is required by New York General Municipal Law § 50-e(1)(b), which requires that plaintiffs file notices of claim where they intend to sue both a municipality and its employees.

## I.    Legal Landscape

As the Court explained in its September 30, 2021 Memorandum and Order, some District Courts in New York have held that a plaintiff need not file a notice of claim before suing a municipal employee for an intentional tort, while others have held to the contrary.  ECF No. 54. However, nothing in the General Municipal Law itself exempts intentional torts against individual defendants from the notice of claim requirement where a plaintiff names both the City and its employees as defendants in a civil action, and for this reason, the Court should find that plaintiffs' state law claims here are barred by plaintiffs' failure to file a notice of claim.

The dispute over whether such an exemption exists implicates three provisions of the New York General Municipal Law—§ 50-k(6), § 50-e(1)(b), and § 50-k(3).  Hardee v. City of N.Y., 2014 U.S. Dist. LEXIS 113024, at *21 (S.D.N.Y. Aug. 14, 2014) (relying on General Municipal Law § 50-e(1)(b) for the proposition that "a notice of claim is not required when the claim alleges injuries resulting from intentional wrongdoing or recklessness, misconduct for which the City has no obligation to indemnify an employee."); Hemrie v. City of N.Y., 96 CIV. 213 (DLC), 2000 U.S. Dist. LEXIS 12600, at *7 (S.D.N.Y. Aug. 30, 2000) (holding that "[a]lthough Section 50-k(6) does not specify what constitutes an action 'instituted hereunder,' that provision is best understood to apply only to claims against a City employee for which the employee has a right to indemnification."); Jean-Laurent v Hennessy, 2008 US Dist. LEXIS 59478, at *63-64 (E.D.N.Y. Aug. 1, 2008) (relying solely on General Municipal Law § 50-k(3) for the proposition that the plaintiff did not need to file a notice of claim against the defendant officers for their intentional torts).

Under General Municipal Law § 50-k(6),

No action or proceeding instituted hereunder, other than one instituted pursuant to sections nineteen hundred eighty-one through nineteen hundred eighty-eight of title forty-two of the United States code shall be prosecuted or maintained against the city or any agency or an employee unless notice of claim shall have been made and served upon the city in compliance with section fifty-e of this chapter and within ninety days after the claim arises.

General Municipal Law § 50-e(1)(b) provides that:

> Service of the notice of claim upon an officer, appointee or employee of a public corporation shall not be a condition precedent to the commencement of an action or special proceeding against such person. If an action or special proceeding is commenced against such person, but not against the public corporation, service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law.  N.Y. Gen. Mun. Law § 50-e(1)(b).

Pursuant to General Municipal Law § 50-k(3), a municipality is not obligated to indemnify "where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen. Mun. Law § 50-k(3).  According to some courts, any intentional tort claim is, by definition, an allegation of intentional wrongdoing, which the municipality would not have to indemnify its employee for. See e.g. Hardy v. Daly, 748 F. App'x 379, 382 (2d Cir. 2018); see also Hardee v. City of N.Y., 2014 U.S. Dist. LEXIS 113024, at *21 (S.D.N.Y. Aug. 14, 2014) ("if the trier of fact finds Saini, Loud, and Kailer liable for assault and battery, that verdict would necessarily encompass a finding that these defendants engaged in conduct that either violated a rule or regulation of the New York City Police Department or constituted intentional wrongdoing.")

## II.      Plaintiffs were required to file a notice of claim against the individual defendants in this case.

Courts which have found that the notice of claim requirement does not apply to intentional torts against individual officers appear to rely two lines of faulty reasoning—one premised on General Municipal Law 50-e(1)(b) and another premised on General Municipal Law § 50-k(6).  Courts that have relied on § 50-e(1)(b) typically cite the language in the second clause of that provision, which states that "service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law."  See e.g. Vesterhalt v. City of N.Y., 667 F. Supp 2d 292, 300 (S.D.N.Y 2009).  However, these courts inexplicably ignore the first half of the provision, which limits the clause's applicability to cases where "an action or special proceeding is commenced against [a municipal employee], but not against the public corporation."  In fact, to Defendants' knowledge, the only Second Circuit Court of Appeals case to have expressly ruled on this issue relied on this specific language when finding that the plaintiff—who sued individual defendants but not the municipality—did not need to file a notice of claim.  Hardy, 748 F. App'x at 382 (plaintiff did not need to file a notice of claim because "[i]n actions commenced against a municipal employee -- but not against the employing municipal corporation -- service of a notice of claim upon the corporation is 'required only if the corporation has a statutory obligation to indemnify [the employee].'"  Because the line of cases creating an exemption for intentional torts against individual officers based on § 50-e(1)(b) is premised on a glaringly incorrect reading of the General Municipal Law, the Court should disregard it.

The line of cases premised on § 50-k(6) is even less tenable.  To Defendants' knowledge, only three District Court decisions—all of which were authored by the same judge—have relied on §50-k(6) to craft an exception to the notice of claim requirement.  <u>Boomer v. Lanigan</u>, 2002 U.S. Dist. LEXIS 20514, at *29-30 (S.D.N.Y. Oct. 24, 2002);  <u>Reed v. Powers</u>, 97 Civ. 7152 (DLC); 2002 U.S. Dist. LEXIS 5125, at *20 (S.D.N.Y. Mar. 28, 2002);  <u>Hemrie</u>, 96 Civ. 213 (DLC), 2000 U.S. Dist. LEXIS 12600, at *7.  In <u>Boomer</u>, <u>Reed</u>, and <u>Hemrie</u>, the Honorable Denise Cote found that "[a]lthough Section 50-k(6) does not specify what constitutes an action 'instituted hereunder,' that provision is best understood to apply only to claims against a City employee for which the employee has a right to indemnification."  <u>Id</u>.  In reaching this conclusion, Judge Cote cited only her own prior cases and two state cases—<u>Intl. Shared Servs. v County of Nassau</u> and <u>Bardi v Warren County Sheriff's Dept.</u>—both of which cite General Municipal Law § 50-e(1)(b), rather than § 50-k(6).  <u>Intl. Shared Servs. v. County of Nassau</u>, 222 AD2d 407, 407-408 (2d Dept. 1995);  <u>Bardi v Warren County Sheriff's Dept.</u>, 194 AD2d 21, 23-24 (3d Dept. 1993).

To the extent that the above line of cases is premised on the language in § 50-e(1)(b), it is invalid for the reasons stated above.  Additionally, interpreting § 50-k(6) to exclude claims against municipal officers who are not entitled to indemnification would be absurd because it would render §50e-(1)(b) meaningless.  If such claims were not subject to the notice of claim requirement in general, then it would not make sense for § 50-e(1)(b) to exempt those claims specifically where municipal employees, but not the municipality, are sued.  The <u>Hermie</u> line of cases offers no policy reason why such claims should be exempt and no other provision of the General Municipal Law suggests that it should be.

In fact, the policy considerations undergirding the notice of claim requirement militate against an exception in cases where the City is named as a defendant.  "The purpose of the notice-of-claim requirement is to afford the municipality an adequate opportunity to investigate the claim in a timely and efficient manner and, where appropriate, to settle claims without the expense and risks of litigation."  <u>Hardy v. N.Y. City Health & Hosps. Corp.</u>, 164 F.3d 789, 794 (2d Cir. 1999).  In cases like this one, where the City is a defendant, the purpose of the notice of claim requirement would be better served by requiring plaintiffs to name the defendant officers in their notice of claim, so that the City can investigate and possibly resolve the allegations against them.

Because both the text and spirit of the General Municipal Law suggest that a plaintiff must file a notice of claim before bringing an action against both the City and its employees, Defendants respectfully submit that the Court should disregard the line of cases that holds to the contrary.  Here, Plaintiffs commenced their action against both the City of New York and the individual officer defendants.  Therefore, by the plain language of § 50-e(1)(b), Plaintiffs were required to file a notice of claim regardless of whether the individual defendants were entitled to indemnification.  Because Plaintiffs did not file a notice of claim, the Court should dismiss their state claims, including the respondeat superior claims against Inspector Colon, in their entirety.

Thank you for your consideration herein.

Respectfully submitted,

James R. Murray  s/
James R. Murray
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Room 3-183
New York, New York 10007
(212) 356-2372

CC: Karamvir Dahiya, Esq. (By ECF)
     *Attorney for Plaintiffs*