UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KINGSLEY PALMER and SHARON
PALMER,

               Plaintiffs,

      v.

THE CITY OF NEW YORK; INSPECTOR
ELLIOT COLON; E 40 BUYERS IG, LLC;
STEPHEN SAMUEL WEINTRAUB; REGGIE
a/k/a FRANK SINGH; POLICE OFFICER
LUIS RAMOS; ADAM GIACLAONE, Shield
No. 13860; and NICHOLAS CARDIERI,
Shield No. 11420,

               Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

19-CV-5542 (RPK) (CLP)

RACHEL P. KOVNER, United States District Judge:

      Plaintiffs Kingsley Palmer and Sharon Palmer filed this lawsuit, which includes state-law claims against the City of New York and several officers of the New York City Police Department ("NYPD"). I dismissed plaintiffs' state-law claims against the City because plaintiffs failed to file the required notice of claim within 90 days of the incident that gave rise to the claim. *See* N.Y. Gen. Mun. Law §§ 50-e, 50-k, 50-i. I sought further briefing about whether that notice-of-claim requirement also barred plaintiff's state-law claims against the NYPD officers, and about whether plaintiff had adequately pleaded a state-law claim against Police Inspector Elliot Colon based on *respondeat superior*. As explained below, I conclude that the notice-of-claim requirement does not bar plaintiffs' state-law claims against individual NYPD officers, because defendants have not suggested that the City would be required to indemnify the officers for those claims. But plaintiffs have not adequately pleaded a *respondeat superior* claim against Inspector Colon, so that claim is dismissed.

1

## BACKGROUND

In 2019, plaintiffs filed this action against NYPD Inspector Colon and NYPD Officers Luis Ramos, Adam Giaclaone, and Nicholas Cardieri ("the Officer Defendants"), the City of New York, and three private parties: Frank Singh, a/k/a "Reggie"; E 40 Buyers IG, LLC; and Stephen Samuel Weintraub. Plaintiffs' claims arise out of an incident during which the individual defendants allegedly unlawfully removed plaintiffs from their home and seized their belongings. *See generally* Am. Compl. (Dkt. #32).

Plaintiffs' amended complaint contained various state-law claims; a claim invoking the automatic-stay provision of the Bankruptcy Code, 11 U.S.C. § 362; a claim under the New York State Constitution; and federal claims under 42 U.S.C. § 1983 based on alleged violations of plaintiffs' constitutional rights. *See* Am. Compl. ¶¶ 26–100.

The City and the Officer Defendants filed a motion to dismiss, as did defendant Weintraub. *See* City and Officers Defs.' Mot. to Dismiss (Dkt. #38); Weintraub's Mot. to Dismiss (Dkt. 37). By memorandum and order dated September 30, 2021, I granted defendant Weintraub's motion to dismiss in its entirety and granted in part and denied in part the motion filed by the City and the Officer Defendants. *See generally Palmer v. City of New York*, 564 F. Supp. 3d 221 (E.D.N.Y. 2021). As to the City and the Officer Defendants, I dismissed plaintiffs' claim under the Bankruptcy Code, *see id.* at 236–37; plaintiffs' claim under the New York Constitution, *see id.* at 238; plaintiffs' state-law claim for intentional infliction of emotional distress, *see id.* at 238–39; plaintiffs' claims for malicious prosecution and conspiracy under both New York law and 42 U.S.C. § 1983, *see id.* at 237–38, 251; and plaintiffs' Section 1983 due process claim against Officer Ramos, *see id.* at 247–50. But I concluded that plaintiffs had plausibly alleged state-law claims for false arrest, assault and battery, and conversion against Officer Ramos, as well as corresponding Section 1983 claims for false arrest and excessive force. *See id.* at 244–47, 246 n.*,

2

250–51.  Plaintiffs also sought to hold Inspector Colon liable for Officer Ramos's conduct under principles of *respondeat superior*; I dismissed those claims to the extent they were brought under Section 1983, and observed that while such claims were viable in theory under state law, they "appear[ed] deficient" under the principle of New York law that "a [s]heriff cannot be held personally liable for the acts or omissions of his deputies while performing criminal justice functions." *Id.* at 252 (quoting *D'Amico v. Corr. Med Care, Inc.*, 991 N.Y.S.2d 687, 692 (App. Div. 2014)).  But I concluded that because the parties had not addressed that issue, further briefing was appropriate.  *See ibid.*

Finally, I dismissed plaintiffs' remaining state-law claims—false arrest, conversion, assault and battery, and *respondeat superior*—against the City because plaintiffs did not file a notice-of-claim within 90 days of the incident giving rise to the claims.  *See id.* at 240–41.  The City and the Officer Defendants had contended that plaintiffs' failure to do so also required dismissal of the remaining state-law claims against Officer Ramos and Inspector Colon.  *See id.* at 241–42.  But I observed that numerous courts had held that failure to comply with the notice-of-claim requirement barred a plaintiff's causes of action against a City employee only if the employee was acting within the scope of her employment and the City "has a statutory obligation to indemnify" the employee for such conduct.  *Ibid.*  I further noted that several cases had treated intentional torts as claims for which no indemnification obligation exists.  *See ibid.*  Applying those principles, I noted that some courts had found that plaintiffs need not comply with the notice-of-claim requirement before bringing claims for false arrest, conversion, and assault and battery.  *Id.* at 241.  But because "the limited briefing by the parties, which d[id] not discuss this controversy," was "inadequate for the Court to assess the notice-of-claim requirement" as it applied to the remaining state-law claims against the Officer Defendants, I "reserve[d] judgment on [that] ground for

3

dismissal" and sought further briefing "addressing the application of the notice-of-claim requirement to plaintiffs' remaining state law claims." *Id.* at 242.

Plaintiffs and the Officer Defendants have now submitted supplemental briefs. The Officer Defendants argue that plaintiffs' remaining state-law claims against them should be dismissed based on failure to file a notice of claim, and that plaintiffs' *respondeat superior* claims against Inspector Colon are also substantively deficient. *See* Defs.' Ltr. in Further Supp. of Mot. to Dismiss (Dkt. #55) ("Defs.' Ltr."). On the notice-of-claim issue, the Officer Defendants rely exclusively on a broad construction of the notice-of-claim requirement. They contend that whenever a plaintiff who failed to file a notice of claim sues both the City and City employees, the claims against both sets of defendants must be dismissed—irrespective of whether the City would be obliged to indemnify the City employees. *See id.* at 2–5. Although the Court's order inviting further briefing had observed that a number of courts had held that failure to file a notice of claim barred suits against individual City employees only if the City would be required to indemnify the employees for the claims at hand, the Officer Defendants make no argument, in the alternative, that dismissal is required in this case on the basis that the City would be required to indemnify them for the conduct alleged here. *See ibid.*

## DISCUSSION

The Officer Defendants' motion to dismiss plaintiffs' remaining state-law claims for failure to file a notice of claim is denied, but the motion to dismiss plaintiffs' *respondeat superior* claims against Inspector Colon is granted.

### I.   Notice of Claim

In New York, a plaintiff need not file a timely notice of claim with the City of New York before pursuing claims against a City employee unless the City would be statutorily obligated to indemnify the employee for those claims. The Officer Defendants have not argued that the City

4

would be required to indemnify them against plaintiffs' remaining state-law claims. Accordingly, the Officer Defendants' motion to dismiss based on failure to file a notice of claim is denied.

### A. Relevant Statutory Provisions

New York's notice-of-claim requirements pertaining to claims against the City and its employees are set out in three provisions that, taken together, ensure that the City has prompt notice of claims that it might be required to pay.

First, Section 50-i(1) of the New York General Municipal Law provides that "[n]o action . . . shall be prosecuted or maintained against a city . . . for personal injury . . . alleged to have been sustained by reason of the negligence or wrongful act of such city . . . or of any officer, agent or employee thereof" unless "a notice of claim shall have been made and served upon the city . . . in compliance with section fifty-e of this article." N.Y. Gen. Mun. Law § 50-i(1).

Second, Section 50-e(1)(b) addresses notices of claim in the context of claims against individual city employees, stating:

> Service of the notice of claim upon an officer, appointee or employee of a public corporation shall not be a condition precedent to the commencement of an action . . . against such person. If an action . . . is commenced against such person, but not against the public corporation, service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law.

*Id.* § 50-e(1)(b). The circumstances under which New York City "has a statutory obligation to indemnify [its employees]" are set out in New York General Municipal Law § 50-k(3). Generally, the City must indemnify an employee for a money judgment arising from acts or omissions that "occurred while the employee was acting within the scope of his public employment" and "not in violation of any rule or regulation of his agency at the time the alleged damages were sustained." *Id.* § 50-k(3). However, there is no duty to indemnify for "damages result[ing] from intentional wrongdoing or recklessness on the part of the employee." *Ibid.*

5

Finally, Section 50-k—titled "Civil actions against employees of the city of New York"—provides that

> [e]very action or proceeding instituted hereunder . . . shall be commenced pursuant to the provisions of section fifty-i of this chapter. . . . No action or proceeding instituted hereunder . . . shall be prosecuted or maintained against the city or any agency or an employee unless notice of claim shall have been made and served upon the city in compliance with section fifty-e of this chapter and within ninety days after the claim arises.

*Id.* § 50-k(6).

### B. The Officer Defendants' Arguments for Dismissal Fail

Taken together, these provisions require a plaintiff to file a notice of claim in order to pursue claims that the City might be required to pay—but not claims as to which no indemnification obligation exists. Take the provisions in turn. First, Section 50-i(1) establishes that a plaintiff must file a notice-of-claim in order to "prosecute[] or maintain[] *against a city*" an action for personal injury alleged to have been sustained by the negligence or wrongful act of a city employee. *Id.* § 50-i(1) (emphasis added). Section 50-i(1) does not, however, impose a notice-of-claim obligation before a plaintiff may "prosecute[]" or "maintain[]" an action against City employees. *Ibid.*

Section 50-e(1)(b) extends the notice-of-claim requirement to certain claims against City employees—but only those claims that the City might be required to pay due to indemnification. Specifically, Section 50-e(1)(b) provides that when "an action . . . is commenced against" an officer or employee of a public corporation, "but not against the public corporation, service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law." *Id.* § 50-e(1)(b). This provision ensures that in cases in which the City would not already be entitled to a notice of a claim because the City itself was named as a defendant—but in which the

6

City might still be on the hook for a judgment due to indemnification—the City is entitled to a timely notice of claim. But the notice-of-claim obligation applies "only if the [municipal] corporation has a statutory obligation to indemnify" the City employee being sued "under this chapter or any other provision of law." *Ibid.* In other words, this provision does not require that a plaintiff give the City notice of claims against employees that the City will not ultimately be obligated to pay.

Section 50-k does not require a plaintiff to file a notice of claim before pursuing a lawsuit against an un-indemnified City employee, either. The statement that "[e]very action or proceeding instituted hereunder . . . shall be commenced pursuant to the provisions of section fifty-i of this chapter," *id.* § 50-k(6), indicates that a litigant bringing claims against the City must comply with Section 50-i(1). But as discussed above, that section requires the filing of a notice of claim before a litigant "prosecute[s] or maintain[s]" certain actions "against a city," but not against an employee. *Id.* § 50-i(1). The further requirement in Section 50-k that "[n]o action or proceeding instituted hereunder . . . shall be prosecuted or maintained against . . . an employee unless notice of claim shall have been made and served upon the city *in compliance with section fifty-e of this chapter* and within ninety days after the claim arises," *id.* § 50-k(6) (emphasis added), similarly adds no such requirement, because, as discussed above, Section 50-e demands a notice of claim only when the City would be required to indemnify the employee being sued.

A decision of the New York Court of Appeals supports this construction of these provisions. *Alifieris v. American Airlines, Inc.*, 472 N.E.2d 303, 305–07 (N.Y. 1984), addressed whether the notice-of-claim requirement in N.Y. General Municipal Law § 50-j barred a lawsuit against a county police officer. Section 50-j applies to municipalities other than the City of New York. It largely tracks the language of Section 50-k, and similarly incorporates by reference the requirements of Sections 50-e and 50-i. *See* N.Y. Gen. Mun. Law § 50-j(3) ("No action or special

7

proceeding instituted hereunder shall be prosecuted or maintained against the municipality, authority or agency concerned or such police officer unless notice of claim shall have been made and served upon such municipality, authority or agency in compliance with section fifty-e of this chapter. Every such action shall be commenced pursuant to the provisions of section fifty-i of this chapter."). In *Alifieris*, the Court of Appeals determined that under Section 50-j and the provisions that it incorporates, whether the plaintiff was required to file a notice of claim to pursue a lawsuit against the officer-defendant depended on whether the County would have an obligation to indemnify the officer being sued. *See* 472 N.E.2d at 305–07. Since that question was disputed, the Court of Appeals determined that the complaint should not have been dismissed. *See id.* at 307. That holding strongly suggests that the New York Court of Appeals—which has the last word on questions of New York law—would likewise find in the context of a suit against a New York City police officer that any notice-of-claim requirement under Sections 50-e, 50-k and 50-i likewise turns on indemnification.

While the Officer Defendants assert that plaintiffs were required to file a notice of claim with the City before suing them—even if the City would not be required to indemnify them—they identify no statutory text that imposes such a duty. The City Defendants sole textual argument is that plaintiffs cannot rely on Section 50-e(1)(b) to create an "exemption" to their notice-of-claim obligations, because Section 50-e(1)(b) applies only "where 'an action or special proceeding is commenced against [a municipal employee], but not against the public corporation.'" Defs.' Ltr. 3 (brackets in original). But the argument that Section 50-e(1)(b) lacks application here does not help the City Defendants, because as explained above, neither Section 50-e(1)(b) nor any other provision imposes a duty to file a notice of claim in the first place before pursuing causes of action like the ones here, against un-indemnified city employees. Accordingly, plaintiffs' ability to

8

pursue their claims against individual city employees does not depend on plaintiffs' ability to avail themselves of an "exemption" in Section 50-e(1)(b).

The Officer Defendants suggest that "the policy considerations undergirding the notice of claim requirement" support their position—namely, the objectives of "afford[ing] the municipality an adequate opportunity to investigate [a] claim in a timely and efficient manner and, where appropriate, to settle claims without the expense and risks of litigation." Defs.' Ltr 4. (quoting *Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 794 (2d Cir. 1999)). But the Officer Defendants point to no statutory text that even arguably imposes the notice-of-claim obligation they are invoking in this case, and "policy considerations cannot create an ambiguity when the words on the page are clear." *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1358 (2018). In any event, "[n]o statute pursues a single policy at all costs." *Bartenwerfer v. Buckley*, 143 S. Ct. 665, 675 (2023). There would be nothing surprising about legislators determining, as the statutory text indicates, that the goal of facilitating investigation by the City through a notice-of-claim requirement is worthwhile when the City might be obligated to pay a claim, but much less urgent in cases in which the City faces no such financial obligation. Accordingly, legislators could reasonably choose not to bar lawsuits against City employees for failure to timely file a notice of claim when the City would not be required to pay any resulting judgment.

For the reasons above, I deny the Officer Defendants' motion to dismiss on the theory that plaintiffs were required to file a timely notice of claim with the City in order to pursue claims against the Officer Defendants, regardless of any indemnification obligation. The Officer Defendants have not advanced any narrower argument that a notice of claim was required in this case because the City must indemnify them for plaintiffs' claims. *See generally* Defs.' Ltr. Accordingly, that narrower argument is waived.

9

## II.     *Respondeat Superior* Claim

Plaintiffs' *respondeat superior* claim against Inspector Colon is dismissed.

Under New York law, "a Sheriff cannot be held personally liable for the acts or omissions of his deputies while performing criminal justice functions, and . . . this principle precludes vicarious liability for the torts of a deputy." *D'Amico*, 991 N.Y.S.2d at 692 (quoting *Barr v. Albany Cnty.*, 406 N.E.2d 481, 485 (N.Y. 1980)). Here, plaintiffs' remaining state-law claims for false arrest, assault and battery, and conversion all relate to plaintiff Kingsley Palmer's July 2019 arrest by Officer Ramos. And New York courts regularly hold that an arrest is a "criminal justice function" for which supervisors may not be held liable under principles of *respondeat superior*. *See, e.g.*, *id.* at 691–92; *Wierzbic v. Cnty. of Erie*, No. 13-CV-978 (WMS), 2018 WL 550521, at *11 (W.D.N.Y. Jan. 25, 2018); *Perrone v. Monroe Cnty. Sheriff Patrick O'Flynn*, No. 11-CV-6411 (CJS) (MWP), 2015 WL 7776930, at *8 (W.D.N.Y. Dec. 2, 2015); *Incitti v. Skinner*, No. 88-CV-601 (HGM), 1994 WL 532527, at *12 (N.D.N.Y. Sept. 14, 1994); *see also Green v. Fulton Cnty.*, 511 N.Y.S.2d 150, 152 (App. Div. 1987) ("Nor is a Sheriff vicariously liable for the torts of a Deputy emanating from the performance of a criminal justice function. . . . The execution of an arrest warrant is clearly within this category."). Plaintiffs' supplemental briefing makes no attempt to argue that Officer Ramos or any of the other officers involved in Mr. Palmer's arrest were not performing a criminal justice function at the time. *See* Pls.' Ltr. in Further Opp'n to Dismissal of *Respondeat Superior* Claims 1–3 (Dkt. #57) ("Pl.'s Ltr."). Plaintiffs' *respondeat superior* claims against Inspector Colon are accordingly dismissed.

Plaintiffs' briefing instead takes another tack, arguing that Inspector Colon should be held directly liable under Section 1983 because he directly participated in the alleged constitutional deprivations. *See id.* at 1. But I have already held that "the amended complaint does not allege that Inspector Colon was personally involved in any of defendants' alleged misconduct." *Palmer*,

10

564 F. Supp. 3d at 252.  Indeed, the complaint mentions Inspector Colon just once, under the cause of action for *respondeat superior*, alleging that "[d]efendants' intentional tortious acts . . . were undertaken . . . under the supervision of Inspector [Elliot] Colon."  Am. Compl. ¶ 90.  That allegation of supervisory authority is insufficient to plausibly establish Inspector Colon's personal involvement in the underlying actions that form the basis of plaintiffs' causes of action.  *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (explaining that, to establish supervisory liability under Section 1983, "a plaintiff must plead and prove that each [supervisor] defendant, through the official's own individual actions, has violated the Constitution.") (quotation marks omitted).  Plaintiff accordingly fails to state a Section 1983 claim against Inspector Colon.

## CONCLUSION

For the reasons explained above, defendants' motion to dismiss plaintiffs' remaining state law claims based on failure to file a notice of claim is denied.  Plaintiffs' state-law claims against Officer Ramos may proceed.  However, Plaintiff's claims against Inspector Colon based upon *respondeat superior* are dismissed.

SO ORDERED.

                                              */s/ Rachel Kovner*
                                              RACHEL P. KOVNER
                                              United States District Judge

Dated: May 15, 2023
       Brooklyn, New York